**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Terry Stanley, ) | | |
| ) | | |
| Petitioner, ) | | 4:05-cv-0663-CWH |
| ) | | |
| vs. ) | | |
| ) | | |
| United States of America, ) | | **ORDER** |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

On March 1, 2005, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On February 2, 2006, the government moved for summary judgment. On February 8, 2006, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must respond within 34 days of the date of the order. To this date, the petitioner has not responded.

On July 14, 1999, a federal grand jury charged the petitioner with Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. §841(a)(1). On September 2, 1999, the petitioner pled guilty. On February 22, 2000, the court sentenced the petitioner to 135 months in prison followed by 5 years supervised release. On February 25, 2000, the court entered judgment. On April 3, 2000, the petitioner filed a notice of appeal. On June 22, 2000, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

The petitioner alleges that his sentence violates the principles set forth by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005). The petitioner's conviction became final in 2000 before Apprendi was decided.

Page 1 of 3

Apprendi does not retroactively apply to the petitioner's case on collateral review. United States of America v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001).

The petitioner claims that the Supreme Court recognized a new right in Booker and that the right became retroactively applicable. The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 225. Subsequent to the decision in Booker, the Fourth Circuit Court of Appeals ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005, and the one year limitations period, consequently, did not begin to run when the Supreme Court issued its opinion in Booker.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

The Court entered judgment against the petitioner on February 25, 2000. On April 3, 2000, the petitioner filed a notice of appeal. On June 22, 2000, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. The petitioner filed this action on March 1, 2005, almost four years after the petitioner's judgment became final.

This action is subject to dismissal pursuant to the one year limitation period provided for in 28 U.S.C. §2255. Unless the petitioner can demonstrate that the petition was filed within the proper time period, this action will be dismissed. The petitioner shall have 60 days from the date of this order to file any material he wishes to support a claim that this action has been filed within the limitations period described above.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina